UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LEO CASSIDY,<br>    Plaintiff, | Civil Action No. 1:21-cv-687<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| ADAMS COUTY JAIL/SHERIFF,<br>    Defendants. | REPORT AND RECOMMENDATION |

On October 28, 2021, defendants Adams County Jail and Adams County Sheriff removed this case from Adams County Court of Common Pleas and filed a motion to dismiss plaintiff's complaint. (Doc. 2). Defendants contend that plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk of Courts notified plaintiff on October 29, 2021 that failure to respond to defendants' motion with 21 days from the date of service set forth in the certificate of service attached to the motion may warrant dismissal of this case under Rule 41(b) for failure to prosecute. (Doc. 4).

On December 7, 2021, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 5). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed (*Id.*). The Clerk of Courts mailed a copy of the Court's Order to plaintiff at the address he provided. On December 16, 2021, the Clerk's mail was returned marked, "Unable to Forward." (Doc. 6).

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the

Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). By failing to keep the Court apprised of his current address, plaintiff has failed to diligently pursue the prosecution of this action.

The Court, in an abundance of caution, has waited more than forty-five days for plaintiff to update his address and file a response to defendants' motion to dismiss. Plaintiff's failure to do so warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan*, 951 F.2d at 109-10.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The complaint be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/8/2022

Karen L. Litkovitz
United States Magistrate Judge