UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEO CASSIDY,

      Plaintiff,

  v.

ADAMS COUNTY JAIL/SHERIFF,

      Defendants.

Case No. 1:21-cv-687
JUDGE DOUGLAS R. COLE
Chief Magistrate Judge Litkovitz

**ORDER**

In her Report and Recommendation (R&R, Doc. 10), Chief Magistrate Judge Litkovitz advises the Court to dismiss with prejudice Leo Cassidy's Complaint (Doc. 3), for failure to prosecute, under Fed. R. Civ. P. 41(b). For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R. As a result, the Court also **DENIES** as **MOOT** Adams County Jail's and Adams County Sheriff's Motion to Dismiss (Doc. 2) as well as their Motion to Consolidate (Doc. 13). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith and therefore **DENIES** Cassidy leave to appeal in forma pauperis.

Leo Cassidy, an inmate at the Adams County Jail proceeding pro se, filed a Complaint against the Jail and the Sheriff on October 1, 2021, in the Adams County Court of Common Pleas. He complains that he has endured many unsanitary conditions that have caused him to vomit and develop diarrhea. (Doc. 3, #20). He says he's been forced to wear dirty clothes, drink from dirty cups, and eat with dirty

utensils. (*Id.*). He also alleges he has requested medical care, which prison officials refused. (*Id.*). And he complains that when he sought grievance forms to address these concerns, prison officials denied those, as well. (*Id.*). Cassidy argues that these conditions constitute cruel and unusual punishment. (*Id.*). He asks for injunctive relief requiring prison officials to address his concerns. And he seeks one million dollars in damages. (*Id.*).

The Jail and Sheriff removed the case to this Court, citing 28 U.S.C. §§ 1331, 1441(a), and 1446. They argued that Cassidy's claims "most appropriately arise under 42 U.S.C. § 1983." (Doc. 1, #1). Under Fed. R. Civ. P. 12(b)(6), they then moved to dismiss Cassidy's Complaint for failure to state a claim. (Doc. 2). On October 28, 2021, they served a copy of the motion on Cassidy. (*Id.* at #19).

The next day, the Clerk of Court notified Cassidy that the Jail and Sheriff moved to dismiss his case. (Doc. 4, #21). The Clerk warned Cassidy that he had 21 days from the date of service to respond, or the case could be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. (*Id.*).

Under this Court's General Order 22-05, because Cassidy was a prisoner prosecuting a civil rights case pro se, the Court referred the matter to a Magistrate Judge. Forty days after the Jail and the Sheriff served Cassidy, the Magistrate Judge ordered him to show cause, within 15 days, why the Court should not dismiss his case for lack of prosecution. (Doc. 5). The Clerk of Court mailed a copy of the Order to the address Cassidy provided, but it was returned as undeliverable. (Doc. 6).

Relying on *Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962), the Magistrate Judge then issued the present R&R on April 1, 2022,[1] recommending that the Court dismiss Cassidy's case for want of prosecution. (Doc. 10, #32). The R&R notes that Cassidy has a "duty to diligently pursue the prosecution of his cause of action." (*Id.* at #31 (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991))). And he also has "a duty to supply the Court with notice of any and all changes in his address." (*Id.* at #31–32 (citing *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994))). His failure to do the latter, the R&R concludes, also means that Cassidy has failed as to the former. (*See id.* at #32).

The Magistrate Judge notes she "waited more than forty-five days" for Cassidy to update his address and respond to the Jail's and Sheriff's Motion to Dismiss. (*Id.*). According to the R&R, under Fed. R. Civ. P. 41(b), his failure to do so after all that time justifies dismissing his action. (*Id.*). Finally, the Magistrate Judge recommends that "[t]he Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith." (*Id.* (citing *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997))).

The Clerk of Court mailed the R&R to Cassidy. Once again, the mail was returned as undeliverable. (Doc. 11). Twice. (Doc. 12). After calling Adams County Jail to confirm Cassidy's mailing address, on April 15, 2022, the Clerk finally was able to send the R&R to him.

---

[1] The Magistrate Judge had originally issued the R&R on February 8, 2022. (Doc 9). But she had accidentally omitted a notice informing both parties that they must object within fourteen days. She issued the corrected R&R on April 1, 2022. (Doc 10).

The R&R included a notice informing both parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights on appeal, including the right to review by this Court. (*Id.* at #33). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"). Neither party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

As the R&R noted, Cassidy has a "duty to supply the court with notice of any and all changes in [his] address." *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Com., S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)). From December of last year, until April of this one, the Clerk has been unable to deliver notices, Orders, and R&Rs. That only changed when the Clerk took it upon himself to investigate Cassidy's mailing address.

4

If Cassidy does not satisfy his duty to supply the Court with his actual address, how can he satisfy his duty to diligently pursue the prosecution of his case? *See* Fed. R. Civ. P. 41(b). How is he supposed to respond to documents that the Clerk cannot deliver to him? How can he pursue vindication of the rights he claims were violated? Not providing the Court with a working address essentially declares Cassidy's lack of interest in his own cause of action.

Moreover, even after the Clerk confirmed that he had sent the R&R to the right address, Cassidy has not objected to it. Not fourteen days later (as the R&R advised). (Doc. 10, #33). Not six months later. In short, even after the Clerk overcame Cassidy's failure to meet his obligation to keep the Court informed of his address, Cassidy still didn't bother to pursue his case.

"Although this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). That has occurred here.

Accordingly, the Court **ADOPTS** the R&R (Doc. 10) and **DISMISSES** Cassidy's action **WITH PREJUDICE** for failure to prosecute, under Fed. R. Civ. P. 41(b). Therefore, the Court **DENIES AS MOOT** the Jail's and Sheriff's Motion to Dismiss (Doc. 2) and their Motion to Consolidate (Doc. 13). And the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Cassidy leave to appeal in forma pauperis.

Page:
The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

October 13, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

October 13, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**